UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JASON LEE HENSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00018 |
| | ) | REEVES/GUYTON |
| BLOUNT COUNTY JAIL, CHAPLIN | ) | |
| CRUIZE, SGT BAILEY, CHIEF | ) | |
| FRENCH, CAPTAIN ADAMS and | ) | |
| SHERIFF BERRONG, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's *pro se* complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2] and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and Plaintiff's complaint will be **DISMISSED** *sua sponte*.

### I. FILING FEE

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). On January 14, 2015, Plaintiff submitted a fully complaint application [Doc. 1] and it appears from his application that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of

the date the Complaint was received. However, because Plaintiff is currently incarcerated at the Trousdale Turner Correctional Center ("TTCC"),[1] rather than the Blount County Jail, the Court will not assess a filing fee at this time.

## II. BACKGROUND

Plaintiff, currently incarcerated at the TTCC, filed this complaint under 42 U.S.C. § 1983 on January 14, 2015 against Defendants Cruize, Bailey, French, Adams, Berrong and the Blount County Jail for violations of his constitutional rights occurring while he was confined at the Blount County Jail [Doc. 2]. Plaintiff alleges that he was not provided with 2,000 calories of food and was provided with less food because of his religious and allergic diet [*Id.* at 4]. Additionally, he claims that the Blount County Jail does not have any form of outside media, as inmates are only allowed to purchase a radio for $45.00 [*Id.*]. Further, Plaintiff alleges that lights at the jail remain on from 5 a.m. to 11 p.m. [*Id.* at 4–5].

Plaintiff also claims that inmates at the Blount County Jail must request information that they wish to be printed from the law library, and then pay for these copies [*Id.* at 5]. Further, he alleges that as he is indigent, he is denied the opportunity to send legal mail [*Id.*]. Lastly, Plaintiff claims that he attempted to file a complaint against Correctional Officers Smith and Householder after using the intercom to ask for a grievance [*Id.*]. He claims that Officer Smith has "shown racial tendencies toward" him after the filing of the grievance [*Id.*]. Plaintiff requests to be transferred from the Blount County Jail, to have meals at the jail re-examined, for the law library

---

[1] A search of the Tennessee Felony Offender Information website indicates that Plaintiff is currently incarcerated at the TTCC. *See* https://apps.tn.gov/foil-app/results.jsp. The Clerk is **DIRECTED** to update the docket with Plaintiff's present address at the Trousdale Turner Correctional Center, 140 Macon Way, Hartsville, Tennessee 37074.

and grievance procedure at the Blount County Jail to be "fix[ed] for better use," a complaint system for inmates and for the Court to "appoint someone to fix administration" at the jail [*Id.* at 6].

## III. ANALYSIS

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of*

*Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

### B. Injunctive Relief

While federal courts have jurisdiction to hear ongoing cases and controversies, courts may no longer hear such actions when they become moot. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot.") (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

Complaints of prison conditions and prison employees' actions are cognizable under § 1983, but their requests for injunctive relief may be rendered moot upon the prisoner's transfer to another institution. *See, e.g.*, *Dellis v. Cor. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)); *see also Colvin v. Caruso,* 605 F.3d 282, 289 (6th Cir. 2010) ("[A]ny declaratory or injunctive relief that [the plaintiff] seeks stemming from his complaint has been mooted by his transfer to a different prison facility.").

Plaintiff challenges the conditions of his confinement at the Blount County Jail, and his allegations are against Blount County Jail employees. It is apparent from the Court's docket that Plaintiff is no longer incarcerated at the Blount County Jail. Plaintiff, through the Federal Defender's Office, updated his address with the Court to Bledsoe County in 2015. In addition, a search of the Tennessee Felony Offender Information website indicates that Plaintiff is currently

4

incarcerated at the TTCC.[2] Therefore, as Plaintiff is no longer incarcerated at the Blount County Jail, his claims for injunctive relief at that facility are now moot. *See Kensu*, 87 F.3d at 175.

A prisoner's transfer to another institution will not render his suit for injunctive or declaratory relief moot if: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Demis v. Sniezek,* 558 F.3d 508, 516 (6th Cir. 2009) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975) (per curiam)). This "capable of repetition, yet evading review" exception requires a "reasonable expectation" or "demonstrated probability" that the transferred prisoner would be subjected to the same complained-of prison conditions. *See Murphy v. Hunt,* 455 U.S. 478, 482 (1982); *see also Demis*, 558 F.3d at 516. Plaintiff has not alleged similar or continuing violations at his present place of confinement, nor has he shown a likely possibility of being transferred back to the Blount County Jail.

Plaintiff's requests for injunctive relief are therefore rendered moot, and since Plaintiff's complaint did not seek other forms of relief, the entire case is moot. As Plaintiff does not have a "personal stake in the outcome" of this lawsuit, Plaintiff's complaint should be dismissed. *Genesis Healthcare Corp.,* 569 U.S. at 72 (internal citation omitted).

**IV. CONCLUSION**

Based on the above, Plaintiff's application to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. However, because Plaintiff is no longer incarcerated at the Blount County Jail, he will not be assessed the filing fee at this time.

---

[2] *See* https://apps.tn.gov/foil-app/results.jsp.

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff's request to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. His complaint and the present action will be **DISMISSED** *sua sponte* for failure to state a viable claim under 42 U.S.C. § 1983.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**